IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KEVIN ALAN TAYLOR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BELINDA DAVIS, Warden, )<br>)<br>Respondent. ) | CV 108-127 |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] Several of Petitioner's objections merit further discussion, but they do not change the Court's opinion with respect to the Report and Recommendation.

The Magistrate Judge recommended that the instant petition be dismissed because three of Petitioner's claims were procedurally defaulted and his remaining claims regarding alleged ineffective assistance of counsel and insufficiency of the evidence were without merit. (See generally doc. no. 24). In his objections, Petitioner makes his second request for appointment of counsel in this case (doc. no. 28, p. 3; doc. no. 29, p. 3), and asks, once

---

[1] Petitioner has filed two sets of objections, which he entitles "Motion[s] for Reconsideration." (See doc. nos. 28, 29). For ease of reference, these "motions" are referred to herein simply as objections. As Petitioner's second set of objections is also docketed as a motion (doc. no. 29), the Clerk is **DIRECTED** to **TERMINATE** this "motion" from the motions report.

again, for the Court to issue a stay and abeyance so that he may return to state court to exhaust his unexhausted claims. (Doc. no. 29, pp. 13-14). As stated by the Magistrate Judge in a previous Order (see doc. no. 16), requests for appointment of counsel in habeas cases are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987)). Moreover, it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979) (citations omitted).[2] In sum, "[i]t is well established that indigents applying for federal or state post-conviction relief, even those sentenced to death, have no federal constitutional right to counsel except in those rare cases where under the circumstances fundamental fairness requires appointment of counsel." Donald Wilkes, Federal Postconviction Remedies and Relief § 2:2, at 94 (2009 ed.) (citations omitted).

In his objections, Petitioner repeatedly states that he should be appointed counsel because he "does not possess the power or mental ability to adequately understand what is required of him." (Doc. no. 28, p. 3; doc. no. 29, p. 3). He further states that the requirements and instructions he has been given are "beyond [his] comprehension and abilities." (Doc. no. 28, p. 3; doc. no. 29, p. 3). These arguments are similar to those Petitioner made in his prior request for appointment of counsel, which the Magistrate Judge

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

2

denied. (See doc. no. 16). This Court finds Petitioner has not shown exceptional circumstances justifying the appointment of counsel. Indeed, Petitioner has been able to file motions on his own behalf and has been able to adequately present his claims to the Court. Furthermore, the Court is not persuaded that the issuance of a recommendation denying the petition warrants appointment of counsel. Accordingly, Petitioner's request for appointment of counsel is denied, and this objection is **OVERRULED**.

As to Petitioner's objection that the Court should issue a stay and abeyance of his petition, the Court notes that the Magistrate Judge has denied this request or found it moot on three separate occasions. (See doc. nos. 17, 21, 23). The Court need not repeat the Magistrate Judge's reasoning in its entirety here, but it bears repeating that a stay and abeyance should be granted only if "(1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1365-66 (11th Cir. 2005) (quoting Rhines v. Weber, 544 U.S. 269, 278 (2005)). In his objections, Petitioner contends that his procedural default should be excused because his trial counsel was ineffective in several respects. To the extent Petitioner contends that this also constitutes good cause under Thompson and Rhines, as noted above, the Court concurs with the Magistrate Judge's Report and Recommendation, which found, *inter alia*, that Petitioner's claims of ineffective assistance of counsel were without merit. Accordingly, the Court finds that Petitioner has still failed to establish good cause for failing to exhaust several of his claims in state court. While Petitioner's unexhausted claims may potentially be meritorious and there is no

3

evidence of "intentionally dilatory litigation tactics," his failure to show good cause again prohibits the Court from granting a stay and abeyance. Thus, this objection is without merit and is also **OVERRULED**.

Finally, the Court turns to Petitioner's argument that the Magistrate Judge erred in finding that Petitioner's claim that counsel was ineffective for failing to object to the excusal of a juror was without merit. Specifically, Petitioner argues in his objections that the state court record is devoid of any evidence that the juror was excused for good cause and that the information leading to the excusal was reliable. (Doc. no. 28, p. 6; doc. no. 29, p. 6). As noted by the Magistrate Judge in his recommendation, the state appellate court found that the trial judge properly exercised his discretion in finding that there was good cause to excuse the juror after the judge received reliable information (from the clerk's office) that the juror's child had been admitted to the local hospital on an emergency basis. (Doc. no. 24, p. 17 (citing Taylor v. State, 647 S.E.2d 381, 386 (Ga. Ct. App. 2007))).

As explained in the Report and Recommendation, the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), sets a highly deferential standard of review for state court factual determinations. Indeed, the Supreme Court has stated that the AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007) (quoting 28 U.S.C. § 2254(e)(1)). In his objections, Petitioner offers no evidence, much less "clear and convincing" evidence, to rebut the factual determinations he disputes. Indeed, the only thing Petitioner offers is his own self-serving allegations that the record does not support the state court's factual findings underlying its

4

good cause and reliability determinations, without offering any evidence to contradict these findings. Thus, this objection is without merit, and Petitioner's objection is **OVERRULED**.[3]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the petition is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this 1ST day of September, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[3]The remainder of Petitioner's objections are likewise without merit and are also **OVERRULED**.